■ BETH SALLAN, Respondent, v SUNG LYONG KIM et al., Respondents, and ARO MANAGEMENT, INC., Appellant. [601 NYS2d 851] —In a negligence action to recover damages for personal injuries, the defendant Aro Management, Inc., appeals from an order of the Supreme Court, Queens County (Katz, J.), dated June 19, 1991, which (1) denied that branch of its motion which was for summary judgment dismissing the complaint and any cross claims asserted against it, and (2) denied that branch of its motion which was for the alternative relief of partial summary judgment on its cross claim asserted against the codefendants.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the motion of the defendant Aro Management, Inc., which was to dismiss the complaint and any cross claims asserted against it is granted, and the action against the remaining defendants is severed.

In support of its motion for summary judgment dismissing

the complaint insofar as it is asserted against it, the defendant Aro Management, Inc., the managing agent of the premises, submitted "evidentiary proof in admissible form" *(Zuckerman v City of New York,* 49 NY2d 557, 562), including, *inter alia,* the relevant lease, which indicated that it had no responsibility to clean snow and ice from the ramp upon which the plaintiff fell, and did not, in fact, clean any snow and ice from the ramp.

The papers submitted in opposition to the motion of the defendant Aro Management, Inc., for summary judgment failed to raise any bona fide questions of fact with respect to the issue of its liability *(see, Zuckerman v City of New York, supra).*

In light of our determination, we need not reach the other arguments raised by the appellant. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.